**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PRENTISS J. BLAYLOCK, *et al.*, | |
| Plaintiffs, | No. 24cv9873 (EP) (MAH) |
| v. | **OPINION** |
| ATLANTIC COUNTY JUSTICE FACILITY, | |
| Defendant. | |

**PADIN**, **District Judge.**

*Pro se* Plaintiffs Prentiss J. Blaylock, Shiquil McNeil, and Matthew Murphy bring this action pursuant to 42 U.S.C. § 1983 on behalf of themselves and 47 other detainees at the Atlantic County Justice Facility.  D.E. 1 at 3-4 ("Complaint" or "Compl.").  Because *pro se* prisoners cannot represent a class of plaintiffs, *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006), the Court only considers Blaylock, McNeil, and Murphy as Plaintiffs.

Pursuant to Local Civil Rule 54.3, the Clerk shall not enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed if the fee has not been paid in advance.  The total fee to be paid for filing a civil complaint is $405 (a filing fee of $350 plus an administrative fee of $55).  L. Civ. R. App'x K.  However, an indigent plaintiff can proceed *in forma pauperis* ("IFP").  A plaintiff who is granted IFP status is only required to pay the $350 filing fee.  *Id.*

A prisoner seeking to obtain IFP status must submit an affidavit (including a statement of all assets and liabilities) that states the prisoner is unable to pay the filing fee.  28 U.S.C. § 1915(a)(1).  In addition, the prisoner must submit a certified copy of his inmate trust fund account

statement(s) for the six-month period immediately preceding the filing of the complaint. *Id.* The prisoner must obtain this statement from the appropriate official at each correctional facility that the prisoner was or is confined during the six-month period at issue. 28 U.S.C. § 1915(a)(2).

Plaintiffs have not paid the filing fee or submitted IFP applications. Therefore, the Court will direct the Clerk to **ADMINISTRATIVELY TERMINATE**[1] the Complaint and provide Plaintiffs **45 days** to either: (1) pay the required $405 filing fee[2] or (2) complete IFP applications for each Plaintiff.[3] An appropriate Order follows.

November 4, 2024

Evelyn Padin, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

[2] If Plaintiffs opt to prepay the $405 filing fee, they need only pay it only once collectively. *Visalden-Diaz v. Casas*, No. 24-380, 2024 WL 1557364, at *1 (D.N.J. Apr. 10, 2024).

[3] Where more than one prisoner seeks to join in a complaint against a government official or entity, and they do not prepay the filing fee, each plaintiff must submit a complete application to proceed IFP if he desires the complaint to be filed on his behalf. *Johnson*, 2023 WL 238110, at *2 (citing *Hagan v. Rogers*, 570 F.3d 146, 154-56 (3d Cir. 2009)). Furthermore, if the Court permits more than one prisoner to join as a plaintiff under Fed. R. Civ. P. 20, the Court must collect the $350 filing fee from *each* plaintiff. *Johnson v. Camden Cnty. Warden*, 2023 WL 2238110, at *2 (D.N.J. Feb. 24, 2023).