**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRENTISS J. BLAYLOCK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ATLANTIC COUNTY JUSTICE FACILITY, <br><br> Defendant. | No. 24cv9873 (EP) (MAH) <br><br> **MEMORANDUM ORDER** |

Plaintiffs Prentiss J. Blaylock, Shiquil McNeil, and Matthew Murphy filed a civil rights complaint pursuant to 42 U.S.C. § 1983. D.E. 1 ("Complaint"). The Court administratively terminated the Complaint because Plaintiffs did not pay the $405 filing fee or submit applications to proceed *in forma pauperis* ("IFP"). D.E. 4.

On November 5, 2024, Blaylock submitted an IFP application that demonstrated his inability to pay the filing fee. D.E. 5. Accordingly, the Court will **GRANT** his application. However, the Court will not direct the Clerk to issue summons at this time because McNeil and Murphy have not submitted IFP applications. *See Johnson v. Camden Cnty. Warden*, No. 22-4624, 2023 WL 2238110, at *2 (D.N.J. Feb. 24, 2023) (citing *Hagan v. Rogers*, 570 F.3d 146, 154-56 (3d Cir. 2009)) (explaining that where more than one prisoner seeks to join in a complaint against a government entity, and they do not prepay the filing fee, *each* plaintiff must submit a complete application to proceed IFP if he desires the complaint to be filed on his behalf). Put simply, McNeil and Murphy must each timely submit an IFP application if they intend to remain plaintiffs in this case.

A prisoner seeking to obtain IFP status must submit an affidavit (including a statement of all assets and liabilities) that states the prisoner is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). In addition, the prisoner must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of the complaint. *Id.* The prisoner must obtain this statement from the appropriate official at each correctional facility that the prisoner was or is confined during the six-month period at issue. 28 U.S.C. § 1915(a)(2). Plaintiffs who have not timely submitted an IFP application will be dismissed from the matter when the Court conducts its screening pursuant to 28 U.S.C. § 1915. Therefore,

**IT IS**, on this ___13___ day of ___JAN___, 2025,

**ORDERED** that the Clerk shall reopen this matter and file the Complaint; and it is further

**ORDERED** that Prentiss J. Blaylock's application to proceed IFP is **GRANTED**; and it is further

**ORDERED** that within **45 days** of this Order, Plaintiffs Shiquil McNeil and Matthew Murphy must **each** file an IFP application; and it is further

**ORDERED** that SUMMONS SHALL NOT ISSUE at this time; and it is further

**ORDERED** that the time to serve process under Fed. R. Civ. P. 4(m) is extended to the date 90 days after the Court permits the Complaint to proceed; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the New Jersey Attorney General's Office and the Warden of the Atlantic County Justice Facility; and it is further

**ORDERED** that Prentiss J. Blaylock is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result

of its *sua sponte* screening, or Blaylock's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that the Warden of the Atlantic County Justice Facility or other appropriate official shall assess an initial payment of 20% of the greater of (a) the average monthly deposits to Blaylock's account; or (b) the average monthly balance in Blaylock's account for the six-month period immediately preceding the filing of the complaint. The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the Clerk of the Court within 21 days of this Order; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89-90 (2016), if Blaylock owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Blaylock's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Blaylock would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Blaylock's account exceeds $10.00, the agency having custody of Blaylock shall assess, deduct from Blaylock's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Blaylock's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is finally

**ORDERED** that the Clerk of the Court shall send a copy of this Order to all Plaintiffs by regular mail.

1/13/2025
Date

Evelyn Padin, U.S.D.J.