<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PRENTISS J. BLAYLOCK, *et al.*, | |
|     Plaintiffs, | No. 24cv9873 (EP) (MAH) |
|     v. | **OPINION** |
| ATLANTIC COUNTY JUSTICE FACILITY, | |
|     Defendant. | |

**PADIN, District Judge.**

*Pro se* Plaintiffs Prentiss J. Blaylock ("Blaylock"), Shiquil McNeil ("McNeil"), and Matthew Murphy ("Murphy") (collectively "Plaintiffs"), pretrial detainees confined in the Atlantic County Justice Facility[1] ("ACJF") in Mays Landing, New Jersey, filed a Complaint asserting constitutional claims under 42 U.S.C. § 1983 against ACJF. D.E. 1 ("Complaint" or "Compl.").

On January 14, 2025, the Court granted Blaylock's *in forma pauperis* ("IFP") application but directed that summons not issue pending receipt of the filing fee or IFP applications from Plaintiffs McNeil and Murphy. D.E. 7. On February 5, 2025, the Court received the $405 filing fee from Plaintiffs McNeil and Murphy. The Court must now screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b).

For the reasons explained below, the Court will **DISMISS** the Complaint ***with prejudice*** against ACJF since it is an improper defendant, but provide Plaintiffs leave to file a proposed amended complaint to name a proper defendant.

---

[1] The Complaint names "Atlantic County Justice Facility" as the sole Defendant.

## I.    BACKGROUND[2]

Plaintiffs assert constitutional violations related to conditions of confinement at ACJF from overcrowding, three persons housed in cells designed for two persons, and inoperable toilets. Compl. at 1. Each unit in ACJF consists of sixteen cells with one toilet in each, and two community toilets per unit. *Id.* ACJF has been advised of the overcrowding and inoperable toilets numerous times, but to no avail. *Id.* at 2. A total of 55 inmates from B-Left Housing Unit at ACJF "would like to be attached to this Complaint" and have signed the Complaint, but not as named plaintiffs. *Id.* In a letter to the Court, Blaylock advised that he is in the early stages of retaining counsel in this matter. D.E. 6.

## II.    LEGAL STANDARD

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court must dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief from an immune defendant. A *pro se* plaintiff's complaint is held to a less stringent standard, and courts must liberally construe the pleading. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678.

As pretrial detainees, Plaintiffs' claims arise under the Due Process Clause of the Fourteenth Amendment, which prohibits conditions of confinement or treatment that constitutes punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

---

[2] The facts in this section derive from the Complaint's well-pled factual allegations, which the Court presumes to be true for purposes of resolving this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    ANALYSIS

#### A.    ACJF Is an Improper Defendant

The sole named Defendant is the ACJF, a county jail.  ACJF is not a proper party under 42 U.S.C. § 1983, as a correctional facility is not a "person" subject to suit under the statute.  *See Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (per curiam).  Accordingly, the claim(s) against ACJF must be **DISMISSED** *with prejudice*.

Nonetheless, a municipality such as Atlantic County may be liable under § 1983 where a plaintiff plausibly alleges that the alleged constitutional violation resulted from a policy, practice, or custom.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  While municipalities cannot be held vicariously liable for their employees, they may be held accountable if a government policy or custom directly caused the alleged injury.  *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

In addition, § 1983 actions may be brought against supervisory officials, such as the facility's warden, who "caused or permitted severe overcrowding, unsanitary conditions, and inhumane living conditions."  *Duran v. Merline*, 923 F. Supp. 2d 702, 714 (D.N.J. 2013); *see, e.g., Burgos v. City of Philadelphia*, 270 F. Supp. 3d 788, 795 (E.D. Pa. 2017) (holding the complaint adequately alleged conditions of confinement claim against prison supervisors who implemented a triple-celling policy "despite knowledge of its dangers and failed to adopt common-sense remedial measures such as routine cleaning schedules" and against supervisors who "were aware of [the plaintiff's] unsanitary and dangerous living conditions based on his multiple grievances and inspections that they were required to sign-off on").

In this case, Plaintiffs allege persistent overcrowding and inoperable toilets at ACJF, and that the facility has been advised of these conditions on multiple occasions without remedy.

Compl. at 2. While these allegations raise the possibility of a systemic failure to address the issue or unsanitary conditions that amount to punishment, no claims are brought against individual defendants for their personal involvement in failing to remedy the conditions and the allegations in their current form are too vague to support a *Monell* claim.

In an overcrowding conditions of confinement case, the Third Circuit has found that triple-celling pretrial detainees, with one person sleeping on a mattress on the floor near the toilet, did not in itself violate due process. *Hubbard v. Taylor* ("*Hubbard II*"), 538 F.3d 229, 235 (3d Cir. 2008). The court stressed that such claims depend on the severity and duration of the conditions and the presence (or absence) of intent to punish or deliberate indifference. *Id.* at 232-35. Accordingly, to proceed with a due process conditions of confinement claim, Plaintiffs must plead additional facts concerning the totality of the circumstances, particularly the severity and duration of the conditions, and the particular circumstances of the facility. *Id.* at 234. For example, Plaintiffs may meet this pleading standard by alleging: (1) how long they were exposed to, and the severity of, the overcrowding and inoperative toilets; (2) when, how, and to whom the issues were reported; (3) what, if anything, was done in response.

Plaintiff must also name a proper defendant who caused the alleged constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). However, because it is possible Plaintiffs may name a defendant subject to suit, the Court will provide Plaintiffs leave to amend their claims.

**B.    *Pro Se* Prisoner Plaintiffs Are Typically Inadequate Class Representatives**

The Complaint references fifty-five inmates, including the three named plaintiffs, who "would like to be attached" to this action, but only Plaintiffs Blaylock, McNeil and Murphy are

4

identified as plaintiffs.  Given Plaintiffs' *pro se* status, the Court construes the Complaint as asserting a class action under Federal Rule of Civil Procedure 23.  Blaylock submits he is seeking counsel for this matter, D.E. 6, presumably to amend the Complaint and assert claims on behalf of a class of similarly-situated prisoners.

In a previous opinion, this Court noted that "[b]ecause *pro se* prisoners cannot represent a class of plaintiffs, *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006), the Court only consider[ed] Blaylock, McNeil, and Murphy as Plaintiffs."  D.E. 3 at 1.  Unless an amended class action complaint is timely-filed, similarly-situated individuals who wish to pursue their claims must file their own complaints or move to join this action in accordance with Rule 20 of the Federal Rules of Civil Procedure.

C.    **Leave to Amend**

Generally, when a court dismisses a complaint under Section 1915(e)(2)(b) or Section 1915A(b), the court should "grant leave to amend unless amendment would be inequitable or futile."  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  It is conceivable that Plaintiffs may be able to allege facts to cure the deficiencies outlined above and name a defendant who is subject to suit.  The Court, therefore, will grant Plaintiffs **45 days** to submit a Proposed amended complaint to name a proper defendant amenable to suit under Section 1983.[3]

---

[3] The proposed amended complaint will supersede the Complaint.  This means when it is filed, any allegations that have not been included are no longer part of the case.  *See* 6 Wright, Miller & Kane, Federal Practice and Procedure Civ. § 1476 (3d. ed. 1997) (footnotes omitted).  The proposed amended complaint may incorporate allegations from the Complaint, but identification of the particular allegations to be incorporated must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file a proposed amended complaint that is complete in and of itself.  *Id.*

For the avoidance of doubt, the proposed amended complaint will be subject to this Court's Section 1915(e)(2)(B) and Section 1915A(b) review prior to service.  Failure to submit a proposed amended complaint within **45 days** of the accompanying Order may result in dismissal of all claims *with prejudice* without further notice.

5

III.    **CONCLUSION**

For the reasons stated above, the Court will **DISMISS** the Complaint ***with prejudice*** against ACJF, and provide Plaintiffs leave to amend the Complaint.  In an amended complaint, Plaintiffs must assert their claim(s) against a proper defendant and cure the identified deficiencies in the Fourteenth Amendment Due Process claim under § 1983.  An appropriate Order accompanies this Opinion.


Dated: May 9, 2025

_____
Evelyn Padin, U.S.D.J.